IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMIE SMITH,

          Plaintiff,                           17cv1563

                                                   **ELECTRONICALLY FILED**

          v.

ALAN J. MOLOCEA,

          Defendant.


MEMORANDUM OPINION AND ORDER

This is a battery and false imprisonment case.

I.      Procedural History

On December 1, 2017, the plaintiff, Jamie Smith ("Plaintiff" or "Ms. Smith") filed suit against the defendant, Alan J. Molocea ("Defendant" or "Mr. Molocea"). (Doc. 1). Plaintiff filed an Affidavit of Return of Service showing evidence of service of the Complaint on Defendant on December 20, 2017. (Doc. 3). Defendant did not answer Plaintiff's Complaint. On April 4, 2018, Plaintiff requested the Clerk of Court enter default. (Doc. 6). The Clerk of Court entered Default against Defendant on April 10, 2018. (Doc. 8). On October 1, 2018, Plaintiff filed a Motion for Default Judgment and a Hearing to Determine Damages. (Doc. 9). On October 4, 2018, the Court entered Default Judgment against Defendant and ordered a hearing be held as to damages. (Doc. 10). The Court further ordered Plaintiff to serve notice of the hearing on damages on Defendant and to file notice of the service. (*Id.*). On October 11, 2018, Plaintiff filed notice of service of the hearing on Defendant. (Doc. 12). A hearing on damages was held on October 17, 2018. (Doc. 14). Defendant did not appear at the hearing. (*Id.*). Ms. Smith testified in detail. The transcript of the damages hearing was filed on October 26, 2018. (Doc. 17).

II.     Legal Authority

In *Carey v. Dabsco Equipment, Inc.*, Civ. No. 2003-1772, 2006 WL 544312 (W.D. Pa. Mar. 6, 2006), this Court explained that: "[a] consequence of an entry of default judgment is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I., Inc. v. Corbin*, 908 F.2d 1142 (3d Cir. 1990) (*quoting* 10 C. Wright, A. Miller & Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)).

Plaintiff seeks both compensatory and punitive damages from Defendant. Compensatory damages may be awarded for intentional torts such as battery and false imprisonment with or without proof of pecuniary loss. See generally Restatement (Second) of Torts §§ 905-906. This includes "compensation for bodily harm and for emotional distress." *Id.* at § 905. Additionally, punitive damages "may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Feld v. Merriam*, 506 Pa. 383, 395, 485 A.2d 742, 747 (1984) (*quoting* Restatement (Second) of Torts § 908). "As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." *Empire Trucking Co., Inc. v. Reading Anthracite Coal, Co.*, 71 A.3d 923, 937 (Pa. Super. 2013) (*citing SHV Coal, Inc. v. Continental Grain Co.*, 526 Pa. 489, 587 A.2d 702, 704 (1991)). When imposing punitive damages, the actor's state of mind "is vital. The act ... must be intentional, reckless or malicious." *Id*. (*quoting Feld*, 485 A.2d at 748).

This Court has subject matter subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA, a federal statute.  The Court has specific personal jurisdiction over Defendant, and venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

III.    Analysis

The factual allegations set forth in the Complaint state that on the evening of December 3, 2015, at Tully's Kafe Bar where Ms. Smith worked, Mr. Molocea accosted Plaintiff in the women's restroom. Defendant held the door closed, refused Plaintiff's direction to open the door, grabbed Plaintiff's face, started kissing her by putting his tongue in her mouth; when Plaintiff pushed him away from her, Defendant attempted to kiss Plaintiff again; and then finally obeyed her direction to open the restroom door, at which time Plaintiff was able to escape the restroom and Defendant. Mr. Molocea's conduct towards Plaintiff was intentional and non-consensual.

As a result of the assault, Mr. Molocea was arrested and charged with False Imprisonment and Indecent Assault Forcible Compulsion. Ultimately, he pleaded guilty to False Imprisonment.

Ms. Smith also testified about the events of December 3, 2015 at the damages hearing on October 17, 2018. She testified consistently that on the evening of December 3, 2015, while she was working at Tully's as a bartender, Mr. Molocea, at the time her general manager, followed her into the women's restroom, would not let her leave, held her there against her will, and assaulted her. Ms. Smith's testimony was entirely credible.

With respect to the damages Plaintiff suffered as a result of Mr. Molocea's conduct, Ms. Smith testified that she suffered significant emotional distress, including anxiety and depression. At the recommendation of her physician, to deal with her depression, and in lieu of taking prescription medication for her depression, Plaintiff underwent acupuncture, which was not covered by her medical benefits, and thus, cost her out of pocket, $885.00.

Also, at the advice of her physician, Ms. Smith underwent therapy at the Community Counseling Center ("CCC") in Hermitage, Pennsylvania for approximately one year. This

therapy included Eye Movement Desensitization and Reprocessing (EMDR) Therapy. While being treated at the CCC, Plaintiff was diagnosed with Post-Traumatic Stress Disorder and Severe Depression.

The stress and anxiety suffered by Ms. Smith as a result of Mr. Molocea's assault was such that for a time period after the assault, Plaintiff was unable to participate in daily activities. She so feared leaving her house and being alone, because of a fear that Mr. Molocea would harm her, that Ms. Smith's mother had to move in with Plaintiff and her children.

Although almost three years have passed since the incident, Ms. Smith continues to suffer as a result of Defendant's conduct. At the damages hearing, Plaintiff was visibly shaking during her testimony.

As a result of the trauma she suffered at the hands of Mr. Molocea, Ms. Smith was not able to work as a bartender or otherwise from December 3, 2015, until April 12, 2016. "Going back to a restaurant or a bar situation was terrifying for me; so I continued to do my counseling and was off work for a total of four months." (Doc. 17 at 7). Ms. Smith's physician medically released Plaintiff from work during this time period.

During the time Plaintiff had been employed as a bartender, she earned an average of $500 a week between the $4.50 an hour she earned in wages plus tips. Accordingly, Ms. Smith suffered lost wages in the amount of $9500.00 during the nineteen weeks when she was unable to work from December 3, 2015, until April 12, 2016 (nineteen weeks x $500.00).

Having reviewed the documentary evidence submitted on behalf of Plaintiff and considered the live testimony of Plaintiff at the October 17, 2018 hearing, the Court finds that the Plaintiff has established by a preponderance of the evidence that the emotional injuries she has endured, and continues to endure, as a result of Defendant's assault and refusal to allow Plaintiff

to leave the restroom on December 3, 2015, are significant. Ms. Smith was so traumatized by Defendant's intentional conduct that for a time period after the assault, she could not work, and could not participate in daily activities she so feared Defendant and the chance he could further harm her. That Plaintiff's pain and suffering continues to date literally was observed by the Court at the damages hearing.  For these reasons, the Court finds that with respect to Plaintiff's claim for pain and suffering, Plaintiff is entitled to $40,000. The Court also finds that Plaintiff has established by a preponderance of the evidence that as a result of Defendant's actions, she has suffered lost wages in the amount of $9,500.00 and has incurred past medical bills in the amount of $885.00.  Finally, the Court finds that Plaintiff has established by a preponderance of the evidence that Defendant's conduct was intentional and reckless, such that punitive damages in the amount of $20,000 are appropriate. An appropriate Order follows.

<u>ORDER</u>

AND NOW, this 14th day of November, 2018, for the reasons set forth above, it is hereby ORDERED that Plaintiff Jamie Smith's claim for damages against Alan J. Molocea is GRANTED.  The Clerk shall hereby enter judgment in favor of Plaintiff Jamie Smith and against Defendant Alan J. Molocea in the amount of $70,385.00.

The Clerk of Court shall mark this case "CLOSED."


<u>s/Arthur J. Schwab</u>
Arthur J. Schwab
United States District Judge


cc:    All ECF Registered Counsel of Record

Alan J. Molocea
323 Springbrook Drive, Apt. 205
Medina, Ohio 44256